# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:10cv50

| | | |
|---|---|---|
| SUNTRUST BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| 890 HENDERSONVILLE ROAD, LLC; | ) | |
| JOE C. BRUMIT, II; CHARLES D. | ) | |
| OWEN, III; and GREGORY A. EDNEY, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Dismiss (#14) the counterclaims asserted by defendants 890 Hendersonville Road, LLC, Joe C. Brumit, II, and Charles D. Owen, III. On July 6, 2010, Defendants Brumit and Owen filed Amended Counterclaims (#15). The same day, Defendants Brumit and Owen also filed their Memorandum in Response to Plaintiff's Motion to Dismiss Counterclaims (#16). By amending their counterclaims within 21 days of plaintiff's Motion to Dismiss, the Motion to Dismiss as to the amending defendants became moot as a matter of law. Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting

_____

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

-1-

where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); <u>Rathke v. HCA Management Co., Inc.</u>, 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); <u>Gresham v. Waffle House, Inc.</u>, 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). Defendants Brumit's and Owen's response was, therefore, not required.

Such amendment leaves plaintiff's Motion to Dismiss open, however, as to Defendant 890 Hendersonville Road. While plaintiff's motion specifically states that plaintiff seeks dismissal of counterclaims asserted by Defendant 890 Hendersonville Road (<u>see</u> Docket Entry #14, at 1), close review of the counterclaims asserted by defendants in their Answer reveals that only Defendants Brumit and Owen counterclaimed against plaintiff. <u>See</u> Docket Entry # 9, at pp. 6, 9, & 10.[2]

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Dismiss (#14) is **DENIED** as moot and Defendants Brumit's and Owen's Memorandum in Response is **STRICKEN.**

---

[2] While it is clear in the First Counterclaim (as asserted in the original Counterclaims) that Defendants Brumit and Owen are the only counterclaimants, such clarity is muddied in the following counterclaims. While incorporating the preceding paragraphs of the First Counterclaim, the Second and Third counterclaims switch nomination of the counterclaimants from "Defendants Brumit and Owen" to "these answering defendants," giving one pause as to whether Defendant 890 Hendersonville Road is a counterclaimant as it was an "answering defendant." The substance of the Second and Third Counterclaims only reference damages to Defendants Brumit and Owen, making it clear that Defendant 890 Hendersonville Road is not, in fact, a counterclaimant.

Signed: July 7, 2010

Dennis L. Howell
United States Magistrate Judge